UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Robert Banks

    v.                                Civil No. 09-cv-326-JD

Mark Hall, Robert Lima,
Dean Holston, Francesco Campo,
Michael Cedrone, Gerard Ditolla,
and Chad Lavoie

O R D E R

Robert Banks, proceeding pro se and in forma pauperis, sued New Hampshire State Troopers Mark Hall, Robert Lima, Dean Holston, Francesco Campo, Michael Cedrone, Gerard Ditolla, and Chad Lavoie, as well as the New Hampshire state treasurer and Kia, a police dog, alleging that the troopers used excessive force while arresting Banks. Following preliminary review, the magistrate judge issued a report recommending dismissal of all claims against the defendants in their official capacities, Banks's Eighth Amendment claim, and all claims against Kia and the state treasurer. The court approved the report and recommendation on February 5, 2010. Banks asserts in his remaining claims that the defendants violated his Fourth Amendment rights by using excessive force against him and by failing to intervene to protect him.

Holston moves for summary judgment, and Banks objects.

## Background

Banks stated in his amended complaint, and the defendants admitted in their answer, that Banks was arrested in the late evening of October 11, 2008. Before the arrest, New Hampshire state troopers pursued Banks by car. Once Banks got out of his car, the officers used a trained dog and a taser to subdue him. He was eventually placed in handcuffs and taken to a hospital. He was later transported to Hillsborough County Jail.

## Standard of Review

"A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "To be entitled to summary judgment, the party with the burden of proof must provide evidence sufficient for the court to hold that no reasonable trier of fact could find other than in its favor." Am. Steel Fabricators, Inc. v. Local Union No. 7, 536 F.3d 68, 75 (1st Cir. 2008). A party opposing a properly supported motion

for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  Id. at 255.

Local Rule 7.2(b)(2) provides that "[a]ll properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party."  Pursuant to Federal Rule of Civil Procedure 56(e)(2), "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial."  In addition to affidavits, a party may rely on other documents referenced in an affidavit, but only if "a sworn or certified copy [is] attached to or served with the affidavit."  Fed. R. Civ. P. 56(e)(1).

Banks's objection to the motion for summary judgment and his surreply contain his version of the facts, but neither document is properly supported either by an affidavit or by a properly authenticated document.[1]  Banks did, however, verify his amended

---

[1] In addition, Banks's surreply did not comply with Local Rule 7.1(e)(3).  See LR 7.1(e)(3) ("A surreply memorandum shall not be permitted without prior leave of court.  Any motion for

complaint by including a signed, notarized statement that complies with the requirements of 28 U.S.C. § 1746(2).  See doc. no. 17 at 27.  Therefore, Banks's statements of fact in his complaint may be used to support his objection to Holston's motion.  To the extent Banks attempts to augment his amended complaint by stating additional facts in his objection and surreply, however, such statements are unsupported.

## Discussion

Holston argues that he is entitled to summary judgment because Banks makes no allegation that Holston used excessive force against Banks or failed to intervene to protect him. Moreover, Holston argues, Banks cannot support any such allegation because Holston was not present during the vehicle pursuit or when Banks was being subdued and placed under arrest. In his affidavit, attached to his motion, Holston states that he "arrived at the arrest scene on or about October 11, 2008 after [Banks] was already in custody.  Upon my arrival, [Banks] had

---

leave to file a surreply shall be filed within fourteen (14) days of the service of the reply memorandum to which the surreply would respond. . . . Written or oral notice of an intention to move for leave to file a surreply memorandum shall be provided to the court and opposing counsel within three (3) days of the service of the reply to the objection.")  Banks neither filed a motion for leave to file a surreply nor filed a notice of intent to surreply.  Nonetheless, because he is pro se, the court has considered his surreply in deciding Holston's summary judgment motion.

4

already been secured, handcuffed and was in the process of being treated by emergency medical personnel associated with an ambulance service." Deft.'s Mot., Holston Aff. at ¶ 5. Holston further avers that he never had any physical contact with Banks, and that he did not witness Banks "being pursued, secured or arrested by the other named co-Defendants." Id.

In his objection, Banks argues that he needs to conduct additional discovery in order to oppose Holston's motion. He contends that Holston failed to intervene because he saw Banks's physical condition but failed to investigate what happened during the pursuit and arrest.

Holston replied to Banks's objection, pointing out the evidentiary deficiencies in the objection. Holston also argues that Banks's request for additional time for discovery should not be granted because Banks failed to explain what discovery is needed and failed to show a plausible basis for believing that additional discoverable materials exist.

I. Additional Discovery

Under Federal Rule of Civil Procedure 56(f), a party may seek additional time for discovery or other appropriate relief if the party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." "[W]hen additional discovery is sought, such a motion must (1) be presented in a timely manner; (2) show good cause for the failure

to discover the necessary facts sooner; (3) set forth a plausible basis for believing that the necessary facts probably exist and can be learned in a reasonable time; and (4) establish that the sought facts, if found, will influence the outcome of the pending motion for summary judgment." Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 127 (1st Cir. 2006) (internal quotation marks and citation omitted).

Banks requested additional time for discovery but did not specify any reason for the request, by affidavit or otherwise. He also did not show good cause or that the facts he seeks likely exist. To the extent Banks intended to move for additional discovery or other relief under Rule 56(f), it is denied.

II. 42 U.S.C. § 1983

Banks's claims arise under 42 U.S.C. § 1983, which creates a cause of action against anyone acting under color of state law who violates federal constitutional or statutory law. See 42 U.S.C. § 1983; Harrington v. City of Nashua, 610 F.3d 24, 28 (1st Cir. 2010). "In order to have a valid claim under § 1983, plaintiff[] must show that defendant's actions were the cause in fact of the alleged constitutional deprivation." Sullivan v. City of Springfield, 561 F.3d 7, 14 (1st Cir. 2009) (citations omitted).

A.  <u>Excessive Force</u>

"To establish a Fourth Amendment excessive force claim, a plaintiff must show that the defendant employed force that was unreasonable under all the circumstances." <u>Morelli v. Webster</u>, 552 F.3d 12, 23 (1st Cir. 2009) (citations omitted).  Holston has provided evidence that he did not touch Banks and, indeed, was not even present on the scene until Banks's injuries were being treated.  Banks did not introduce any properly supported evidence to contradict Holston's affidavit and, although his amended complaint was verified, it made no specific averments about Holston's actions on the night of Banks's arrest.  Based on the facts in the summary judgment record, Holston never touched Banks and did not use any force against him, unreasonable or otherwise.  Holston has shown that he is entitled to summary judgment on Banks's excessive force claim.

B.  <u>Failure to Intervene</u>

"An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance." <u>Davis v. Rennie</u>, 264 F.3d 86, 98 (1st Cir. 2001) (internal quotation marks and citation omitted).  As discussed above, the evidence in the summary judgment record shows that Holston did not arrive at the scene until Banks's injuries were being treated by emergency medical personnel.  "A

7

police officer cannot be held liable for failing to intercede if he has no realistic opportunity to prevent an attack." <u>Gaudreault v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 207 n.3 (1st Cir. 1990) (internal quotation marks and citation omitted). Not only was Holston not present during the time when other officers were subduing Banks, but he also did not "witness [Banks] being pursued, secured or arrested by the other named co-Defendants." Holston Aff. at ¶ 5. Thus, Holston had no opportunity to prevent the alleged attack, and he has shown that he is entitled to summary judgment on Banks's claim that he failed to intervene.

## Conclusion

For the foregoing reasons, Holston's motion for summary judgment (doc. no. 25) is granted.

SO ORDERED.

<i>/s/ Joseph A. DiClerico, Jr.</i>
Joseph A. DiClerico, Jr.
United States District Judge

August 30, 2010

cc:  Robert Banks, pro se
     Kevin H. O'Neill, Esquire