UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Robert Banks</u>

    v.                                Civil No. 09-cv-326-JD

<u>Mark Hall, et al.</u>

<u>O R D E R</u>

Robert Banks, who is proceeding pro se and in forma pauperis, brings a civil rights action pursuant to 42 U.S.C. § 1983, alleging claims of excessive force and failure to intervene against the use of excessive force against New Hampshire State Troopers Mark Hall, Robert Lima, Francesco Campo, Michael Cedrone, Gerard Ditolla, and Chad Lavoie.  Banks moves to have the court appoint counsel to represent him in this case.

There is no constitutional right to a free lawyer in a civil case.  <u>Boivin v. Black</u>, 225 F.3d 36, 42 (1st Cir. 2000); <u>DesRosier v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).  Courts are permitted to appoint counsel in civil cases, but appointed counsel must provide pro bono representation.  28 U.S.C. § 1915(e)(1).  A court's decision not to appoint counsel is discretionary and will be reversed "only if exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on

plaintiffs' due process rights." <u>King v. Greenblatt</u>, 149 F.3d 9, 14 (1st Cir. 1998) (internal quotation marks omitted).

In this case, Banks requests appointment of counsel because, he represents, he has limited education, attention deficit hyperactivity disorder, difficulty with spelling, and difficulty with reading skills. His previous two motions for appointment of counsel were denied. Despite Banks's representations about his limitations, his motions demonstrate that he has a good understanding of his case. While his spelling and syntax may not be perfect, he has been able to communicate effectively with opposing counsel and the court.

Banks raises two related claims in this case. He contends that Troopers Hall, Lima, Campo, Cedrone, Ditolla, and Lavoie used excessive force in violation of the Fourth Amendment in the course of apprehending and arresting him. He also contends that the troopers violated the Fourth Amendment in failing to intervene to call off the K-9 dog who was biting his leg and to protect him from an ongoing assault by the troopers.

Although proceeding pro se presents certain challenges, Banks's claims are relatively straightforward, and the court believes that Banks is able to represent himself effectively. Therefore exceptional circumstances do not exist in this case to support appointment of counsel.

Conclusion

For the foregoing reasons, the plaintiff's motion for appointment of counsel (document no. 46) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

October 12, 2010

cc:  Robert Banks, pro se
     Kevin H. O'Neill, Esquire
     John C. Vinson, Esquire