UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Robert Banks

    v.                                Civil No. 09-cv-326-JD

Mark B. Hall, et al.


O R D E R

     Robert Banks, proceeding pro se and in forma pauperis, brought claims under 42 U.S.C. § 1983, alleging that the New Hampshire State Troopers who arrested him used excessive force in violation of the Fourth Amendment. Banks competently represented himself through the pretrial proceedings, including propounding interrogatories to the defendants, responding to the defendants' motions, and filing appropriate pretrial materials. At trial, however, Banks was unable to proceed after his opening statement.[1]

     In his opening statement, Banks provided an overview of his case, as did the defendants in their opening statement. Banks then took the witness stand to begin his testimony in support of his claims. After a few very brief statements, he was unable to

---

[1] Several times before trial, Banks had asked the court to appoint counsel to represent him. His motions were denied because the Constitution does not provide for representation in a civil case and Banks appeared to be able to represent himself.

proceed.  He indicated that he lacked experience in a courtroom and did not know how to proceed.  When the court encouraged him to refer to his papers to help him testify, he was able to testify to only a small part of the circumstances that formed the basis of his claims.  He again expressed that he could not proceed and asked for a recess, which was granted.

Following the recess, the court met with Banks and defense counsel in the courtroom.  Banks stated that he could not go forward.  Defense counsel suggested that Banks be allowed to take a voluntary nonsuit and withdraw his claims without prejudice, subject to refiling within the applicable statute of limitations.  The court emphasized that a voluntary nonsuit without prejudice would allow Banks to refile his claims, but if Banks chose to refile his claims, the refiled claims would be subject to the applicable statute of limitations.  Defense counsel also indicated to Banks that the defendants would rely on the same evidence and defenses available in this case, along with any additional evidence and defenses that might arise, to defend against the claims if they were refiled.  Banks requested a voluntary dismissal and asked the court to dismiss his claims without prejudice.

Under Federal Rule of Civil Procedure 41(a)(2), the court may dismiss an action, at the plaintiff's request, on appropriate

terms. Dismissal under Rule 41(a)(2) is without prejudice unless the court orders otherwise. A voluntary dismissal without prejudice is appropriate in this case. When the evidence began, it became obvious that Banks was essentially stymied as he tried to represent himself and was unable to proceed.

## Conclusion

For the foregoing reasons, the plaintiff's case is dismissed, voluntarily, without prejudice.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 16, 2010

cc: Robert Banks #74398, pro se
    Kevin H. O'Neill, Esquire
    John C. Vinson, Esquire